**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:                                                        Case No.
                                                              Chapter 11

SEVEN STARS ON THE HUDSON CORP,

_____Debtors._____/

**DEBTOR IN POSSESSION'S APPLICATION
FOR EMPLOYMENT OF ATTORNEY**

AGD Systems Corp, debtor in possession respectfully requests an order of the court authorizing the employment of <u>BRIAN K. MCMAHON</u> of the law firm of <u>BRIAN K. MCMAHON, P.A.</u> to represent the debtor in this case and states:

1. On <u>August 24, 2020</u>, the debtor filed a voluntary petition under chapter 11 of the United States Bankruptcy Code.

2. The debtor desires to employ <u>Brian K. McMahon and Brian K. McMahon, P.A.</u> as attorney(s) in this case.

3. The debtor believes that the attorney is qualified to practice in this court and is qualified to advise the debtor on its relations with, and responsibilities to, the creditors and other interested parties.

4. The professional services the attorney will render are summarized as follows:

    (a) To give advice to the debtor with respect to its powers and duties as a debtor in possession;

    (b) To advise the debtor with respect to its responsibilities in complying with the U.S. Trustee's Operating Guidelines and Reporting Requirements and with the rules of the court;

    (c) To prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of the case;

    (d) To protect the interest of the debtor in all matters pending before the court;

    (e) To represent the debtor in negotiation with its creditors in the preparation of a plan.

LF-15 (rev. 12/01/09)

5. To the best of the debtor's knowledge, neither said attorney nor said law firm have any connection with the creditors or other parties in interest or their respective attorneys. Neither said attorney nor said law firm represent any interest adverse to the debtor.

6. Attached to this motion is the proposed attorney's affidavit demonstrating Brian K. McMahon and Brian K. McMahon, P.A. are disinterested as required by 11 U.S.C. §327(a) and a verified statement as required under Bankruptcy Rule 2014.

The debtor respectfully requests an order authorizing retention of Brian K. McMahon and Brian K. McMahon, P.A. on a general retainer, pursuant to 11 U.S.C. §§327 and 330.

I CERTIFY that a true copy of this application was mailed on August 24, 2020 to the parties indicated below.

_____
Jens Berding
President

Attach or file separately a Local Rule 2002-1(F) certificate of service reflecting manner and date of service on the following parties.
Debtor
U.S. trustee
Attorney for Creditor's Committee (or, if none, 20 largest unsecured creditors)
All Appearances

LF-15 (rev. 12/01/09)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

SEVEN STARS ON THE HUDSON CORP,     Case No:
   Chapter 11

_____Debtor._____/

## AFFIDAVIT OF PROPOSED ATTORNEY FOR DEBTOR IN POSSESSION

STATE OF FLORIDA    )
          ) ss
COUNTY OF PALM BEACH)

BRIAN K. MCMAHON, being duly sworn, says:

1. I am an attorney admitted to practice in the State of Florida, the United States District Court for the Southern District of Florida and qualified to practice in the U.S. Bankruptcy Court for the Southern District of Florida.

2. I am employed by the law firm of BRIAN K. MCMAHON, P.A. with offices located at 1401 Forum Way, 6th Floor, West Palm Beach, FL 33401.

3. Neither I nor the firm represent any interest adverse to the debtor(s) or the estate, and we are disinterested persons as required by 11 U.S.C. § 327(a).

4. Except for the continuing representation of the debtor(s), neither I nor the firm has or will represent any other entity in connection with this case and neither I nor the firm will accept any fee from any other party or parties in this case, except the debtor in possession.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Signature
Brian K. McMahon

Sworn to and Subscribed before me this
24th day of August, 2020

_____   My Commission Expires:
Notary Public, State of Florida

Copies to:
All parties served with application for employment.



MICHELLE L. MACDONALD
Commission # GG 147925
Expires October 3, 2021
Bonded Thru Troy Fain Insurance 800-385-7019

LF-17 (rev. 12/01/98)

# BRIAN K. MCMAHON, P.A.
1401 FORUM WAY, 6ᵀᴴ FLOOR
WEST PALM BEACH, FL 33401
brian@bkmbankruptcy.com

TELEPHONE
(561)478-2500

FACSIMILE
(561)478-3111

8/24/2020

Jens Berding

    RE:    Seven Stars on the Hudson

Dear Jens:

    I am pleased to represent Seven Stars on the Hudson during the course of the bankruptcy proceeding. This letter will confirm the Company's engagement of me and will describe the basis on which I will provide legal services to Seven Stars on the Hudson.

    This letter is submitted for your approval of the following provisions governing my engagement as counsel. If you are in agreement, please sign the enclosed copy of the letter in the space provided below. If you have any questions about these provisions, or if you would like to discuss possible modifications, do not hesitate to call.

    With your assistance, I shall prepare and file with the bankruptcy court all necessary and appropriate documents required by applicable law in connection with the initiation and operation of a Chapter 11 bankruptcy case. My representation includes representation of Seven Stars on the Hudson as required under applicable bankruptcy law and rules. I will appear at all hearings where the attorney for the debtor is required to appear, and I will keep you advised as to all events that take place or that I anticipate taking place in the bankruptcy court with regard to the pendency of the Chapter 11 case.

    For all purposes of this bankruptcy case, and otherwise, the client shall be Seven Stars on the Hudson. All duties and responsibilities created and imposed by this agreement shall be owed to Seven Stars on the Hudson and not to any officer, agent, partnership, other corporation, trustee, employee or third party as individuals, unless expressly otherwise agreed, and then only after full and accurate disclosure to the court and other necessary parties. The parties to this agreement will immediately disclose any contemplated relationship to the United States Bankruptcy Court, the United States Trustee, all parties in interest, and all other parties entitled to receive notice.

    Seven Stars on the Hudson, through its proxy, has authorized and empowered Brian McMahon to handle a Chapter 11 bankruptcy case in the United States Bankruptcy Court, utilizing such legal means as are available under the Bankruptcy Rules and the United States Bankruptcy Codes, and other applicable statutes and case authorities. Seven Stars on the Hudson. has prepared a corporate resolution authorizing the retention of Brian McMahon and the

filing of a Chapter 11 bankruptcy case. Seven Stars on the Hudson also warrants that it is in good standing with the State of Florida.

My representation will be limited to the issues arising in the bankruptcy proceeding. The retainer described below does not include representations of Seven Stars on the Hudson in connection with any lawsuits, including adversary proceedings, whether currently pending or yet to be filed, against creditors or other entities. It is recommended that other counsel is sought to defend or prosecute such litigation.

My representation of Seven Stars on the Hudson is limited to legal matters only. I am not qualified to give advice on non-legal matters such as accounting matters, investment prospects or other business advice. I suggest that you obtain professionals in those fields if you wish advice in those areas.

I will at all times act on Seven Stars on the Hudson's behalf to the best of my ability. Any advice concerning the outcome of legal matters are expressions of my best professional judgment, but they are not guarantees. Such advice is necessarily limited by my knowledge of the facts and is based upon the state of the law at the time it is expressed.

The Bankruptcy Code allows the attorney for the debtor to take a retained prior to the filing of the case, but does not allow the debtor's attorney to be paid again until the expiration of the initial 120-day period after the case is filed. Accordingly, it is necessary for me to obtain a retainer that I believe is sufficient to cover the fees and expenses that I expect to incur within the first several months of the case. As I mentioned, I have determined that the amount of $17,500.00 (which includes the filing fees and costs) will be sufficient to proceed with this case.

Billings are made on a monthly basis based upon my normal hourly rates. My current hourly rate is $400.00. All attorney's fees and expenses must be approved by the bankruptcy court based upon fee applications that I will file periodically. Those applications will include a complete description of all of the services performed and the time spent performing those tasks. All items are itemized in the fee application. Once the retainer has been used, I will seek authority under the Bankruptcy Code for Seven Stars on the Hudson, to pay additional retainers and/or fees as are necessary to fully compensate me for my services.

The officers of Seven Stars on the Hudson have agreed to cooperate fully with me in providing me all documentation and information which I may request in the course of my representation of Seven Stars on the Hudson in this Chapter 11 case. Seven Stars on the Hudson agrees to timely execute all necessary and appropriate documentation that may be required in the course of my representation and to meet with me upon my reasonable request. The officers of Seven Stars on the Hudson are expected to be available to appear, in person, at all required depositions, examinations, conferences, hearing and meetings. Shortly after the case is filed, there will be a first meeting of creditors pursuant to § 341 (a) of the Bankruptcy Code. You will be required to attend this meeting.

Our engagement is subject to the understanding that you may terminate me as your counsel for any reason you choose upon ten (10) days' written notice to me. It is understood that

I may terminate my representation only for cause, such as irreconcilable differences with respect to policy decisions surrounding your particular matters, the failure to pay billings pursuant to this agreement or to otherwise comply with conditions normally required of clients in similar transactions.

This agreement is the sole and exclusive agreement covering the representation of Brian K. McMahon, Attorney at Law. Any modification of this agreement must be in writing, signed by you and Brian McMahon.

It is understood that Brian K. McMahon, Attorney at Law does not guarantee the accomplishment of any result but agrees to give his best efforts on your behalf.

As the matter of the representation of Brian K. McMahon, Attorney at Law included in this agreement involves bankruptcy, this agreement is subject to modification and/or review by the bankruptcy court.

In the event of any litigation concerning this agreement, the prevailing party shall be entitled to attorneys' fees as a part of its damages.

I trust that this agreement is not unduly complicated. From my experience, legal matters are complicated by nature. The purpose of this agreement is to set forth the essential terms and conditions of employment in writing, so that both parties have a full understanding. If any of the above is not clear, please advise.

I look forward to working with you in the future. If this letter represents your understanding of the fee and cost arrangements, please sign a copy of this agreement and return it to my office. My representation of you does not begin until this agreement is signed by you and the agreed retainer is paid.

The undersigned client(s) acknowledge(s) the he has read the above engagement agreement, fully understand(s) its contents, and agree(s) to its terms and conditions.

Agreed to on this _____ day of _____, _____.

CLIENT(S)                                                          Brian K. McMahon, P.A.

_____        _____
Seven Stars on the Hudson
By Jens Berding, President