IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:

MDG POWERLINE HOLDINGS, LLC,

    Plaintiff,

v.

SEVEN STARS ON THE HUDSON CORPORATION,
JENS BERDING,
EDDY MANZO-BERDING,
UNKNOWN TENANT 1,
and UNKNOWN TENANT 2,

    Defendants.
_____/

## COMPLAINT

Plaintiff, MDG Powerline Holdings, LLC ("Plaintiff" or "Landlord"), by and through undersigned counsel, sues defendants Seven Stars on the Hudson Corporation ("Seven Stars"), Jens Berding ("J. Berding"), Eddy Manzo-Berding ("E. Manzo-Berding"), and Unknown Tenant 1 and Unknown Tenants 2 (collectively "Tenants") and states as follows:

**Background, Parties, Jurisdiction and Conditions Precedent**

1. This is an action for eviction of a non-residential tenant pursuant to the summary eviction proceedings set forth in Florida Statutes § 83.20 and § 51.011. Plaintiff also seeks damages in excess of $30,000 exclusive of interest, costs and attorney's fees.

2. Plaintiff is a Florida limited liability company authorized to transact business in Florida with its principal place of business in Broward County, Florida.

3. Plaintiff is the owner of the real property located at **5300 North Powerline Road, Fort Lauderdale, Florida, 33309 (A portion of Bays 6 and 7 of the first floor as approximately depicted and a portion of Bays 6, 7 and 8 of the second floor)** ("Premises").

Page 1 of 8

4.	Seven Stars is the lessee, is authorized to do business in the State of Florida, and is otherwise *sui juris*.

5.	J. Berding is a resident of Broward County, Florida, conducts or conducted business in Broward County, Florida, and is *sui juris*.

6.	E. Manzo-Berding is a resident of Broward County, Florida, conducts or conducted business in Broward County, Florida, and is *sui juris*.

7.	Tenants may have some interest in the Premises inferior to that of Plaintiff.

8.	Jurisdiction and venue are proper in Broward County, Florida because this is an action involving more than $30,000.00; because Seven Stars conduct or conducted business in Broward County, Florida; because the breach was in Broward County, Florida; and because jurisdiction and venue are property under Chapter 47, *Florida Statutes*.

9.	All conditions precedent to this action have been satisfied.

10.	Plaintiff is obligated to pay its attorneys a reasonable fee for their services.

## COUNT I – EVICTION

11.	Plaintiff incorporates and re-states the allegations in paragraphs 1 through 10 above as if fully stated herein.

12.	On or about November 23, 2015, Landlord entered into a lease with Seven Stars regarding the Premises (the "Lease"). A copy of the Lease is attached as **Exhibit 1**. The Lease provided for a ten-year term commencing on November 23, 2015.

13.	Pursuant to Section 20.05 of the Lease, in the event any payment due to Landlord under the Lease is not paid within five (5) days of the due date, Seven Stars must pay a late charge of "four percent (4%) of such payment, or, at Landlord's option, at least One Hundred Fifty and no/100 Dollars ($150.00). Such late charge shall be re-assessed for each month the payment is not made."

14. On or around June 9, 2016, Landlord and Seven Stars entered into the Second Amendment to Lease Agreement ("Second Amendment"). The Second Amendment redefined, *inter alia*, the Premises and the amount of rent due per month.

15. Pursuant to the Second Amendment, rent for the time period of December 1, 2019 through November 20, 2020 is $379,272.73 per year or $31,606.06 per month.

16. On or around November 2016, Landlord and Seven Stars entered into the Third Amendment to Lease Agreement ("Third Amendment").

17. On or around June 15, 2017, Landlord and Seven Stars entered into the Fourth Amendment to Lease Agreement ("Fourth Amendment").

18. Defendant Seven Stars breached the Lease, as amended, by failing to pay the rent and other expenses including, without limitation, failing to pay the rent for the months of April 2020, May 2020, June 2020, July 2020, and August 2020.[1]

19. As of August 11, 2020, Seven Stars owed the Landlord $197,494.91. This amount is comprised of rent, Florida sales tax and late fees.

20. On August 11, 2020, Landlord served Tenant at the Premises with a three-day notice to pay all rent due within 3 days or deliver possession of the property in accordance with the terms of the Lease and Fla. Stat. §83.20(2) ("Notice"). The Notice is attached hereto and incorporated herein as **Exhibit 2**.

21. Seven Stars failed to pay the sum requested in the Notice.

22. Seven Stars remains in possession of the Premises despite its continued default under the Lease, as amended, for failing to pay the full amount of rent due. Since the expiration of the Notice period, Seven Stars has failed to either deliver possession or pay the full amount of rent due.

---

[1] Additionally, Seven Stars failed to pay rent in full and/or timely pay the rent for the months of June 2019, July 2019, August 2019, September 2019, October 2019, November 2019, December 2019, January 2020, February 2020, and March 2020. Landlord is entitled to damages and/or late fees for such months.

23. Plaintiff has satisfied all conditions precedent to eviction, or defendants have waived all such conditions.

24. Plaintiff has entitlement to attorney fees and costs (including enforcement costs) in an eviction proceeding under § 83.48, *Florida Statutes* and under the Lease.

25. Plaintiff has retained the law firm of Dunn Law P.A. to represent it in this matter and has agreed to pay the firm a reasonable attorney's fee.

WHEREFORE, Landlord demands judgment for possession of the Premises and the eviction of Seven Stars and Tenants, awarding possession thereof to Landlord for the account of the tenant, awarding the Landlord its attorney's fees and costs pursuant to the Lease and such further relief as this Court deems just and proper.

## COUNT II – BREACH OF LEASE

26. Plaintiff incorporates and re-states the allegations in paragraphs 1 through 25 above as if fully stated herein.

27. This is an action for damages in more than thirty thousand dollars ($30,000.00), exclusive of attorneys' fees and costs.

28. As more fully described herein, Seven Stars occupies the Premises pursuant to the Lease, as amended, requiring the payment of rent and Florida sales tax.

29. Seven Stars breached the Lease by failing to pay the full amount of rent when due each month since April 1, 2020.

30. Seven Stars failed to pay the Landlord the unpaid rent that was due pursuant to the Notice. In addition, Seven Stars has failed to pay the late fees that are due and accruing and/or all other amounts due under the Lease. Landlord's damages continue to accrue as monthly rent is due on the first day of each month.

31. As a direct and proximate result of Seven Stars' breach, Landlord has been damaged.

32. Plaintiff has satisfied all conditions precedent to eviction, or defendants have waived all such conditions.

33. Plaintiff has entitlement to attorney fees and costs (including enforcement costs) in an eviction proceeding under § 83.48, *Florida Statutes* and under the Lease.

34. Plaintiff has retained the law firm of Dunn Law P.A. to represent it in this matter and has agreed to pay the firm a reasonable attorney's fee.

WHEREFORE, Landlord demands judgment against Seven Stars for all sums due to Landlord under the Lease up through the date that Landlord obtains possession of the Premises though the eviction sought herein, plus any amounts due pursuant to the Lease (including, but not limited to, Section 17.02), interest, award Landlord its attorney's fees and costs pursuant to the Lease, and grant such other further relief as this Court deems just and proper.

## COUNT III – BREACH OF LEASE GUARANTY

**(J. Berding)**

35. Plaintiff incorporates and re-states the allegations in paragraphs 1 through 34 above as if fully stated herein.

36. On or around November 23, 2015, J. Berding executed a personal guaranty by which he unconditionally guaranteed payment of all rent and other sums due under the Lease (the "JB Guaranty"). A copy of the JB Guaranty is attached hereto as **Exhibit 3**. The JB Guaranty was a guaranty of performance as well as payment.

37. Pursuant to the terms of the JB Guaranty, J. Berding's liability for the sums due is primary. All payments due from J. Berding under the Guaranty bear interest at the maximum lawful interest rate from the applicable due date

38. J. Berding is in breach of the JB Guaranty by failing to pay Landlord all sums due under the Lease, as amended.

39. As of the date of this Complaint, the Seven Stars and J. Berding owe Landlord $197,494.91. This amount is comprised of rent, Florida sales tax and late fees.

40. Pursuant to the terms of the Lease, as amended, rent continues to accrue plus Florida sales tax and Landlord's damages continue to accrue. Late fees continue to accrue as well.

41. Seven Stars remains in possession of the Premises despite its continued default under the Lease for failing to pay the full amount of rent due. Since the expiration of the Notice period, Seven Stars has failed to either deliver possession or pay the full amount of rent due.

42. As a direct and proximate result of J. Berding's breach, Landlord has been damaged and damages continue to accrue.

43. All conditions precedent to maintaining this action have occurred, been performed or been waived.

44. Pursuant to the terms of the JB Guaranty, Landlord is entitled to an award of its attorney's fees and costs upon prevailing in this matter.

45. Plaintiff has retained the law firm of Dunn Law P.A. to represent it in this matter and has agreed to pay the firm a reasonable attorney's fee.

WHEREFORE, Landlord demands judgment against Defendant J. Berding for compensatory damages, prejudgment interest pursuant to the terms of the JB Guaranty, attorneys' fees and costs pursuant to the terms of the JB Guaranty, post-judgment interest and such other relief as this Court deems just and proper.

## COUNT IV – BREACH OF LEASE GUARANTY

### (E. Manzo-Berding)

46. Plaintiff incorporates and re-states the allegations in paragraphs 1 through 34 above as if fully stated herein.

47. On or around November 23, 2015, E. Manzo-Berding executed a personal guaranty by which he unconditionally guaranteed payment of all rent and other sums due under the Lease (the "EMB Guaranty"). A copy of the EMB Guaranty is attached hereto as **Exhibit 4**. The EMB Guaranty was a guaranty of performance as well as payment.

48. Pursuant to the terms of the EMB Guaranty, E. Manzo-Berding's liability for the sums due is primary. All payments due from E. Manzo-Berding under the Guaranty bear interest at the maximum lawful interest rate from the applicable due date

49. E. Manzo-Berding is in breach of the EMB Guaranty by failing to pay Landlord all sums due under the Lease, as amended.

50. As of the date of this Complaint, the Seven Stars and E. Manzo-Berding owe Landlord $197,494.91. This amount is comprised of rent, Florida sales tax and late fees.

51. Pursuant to the terms of the Lease, as amended, rent continues to accrue plus Florida sales tax and Landlord's damages continue to accrue. Late fees continue to accrue as well.

52. Seven Stars remains in possession of the Premises despite its continued default under the Lease for failing to pay the full amount of rent due. Since the expiration of the Notice period, Seven Stars has failed to either deliver possession or pay the full amount of rent due.

53. As a direct and proximate result of E. Manzo-Berding's breach, Landlord has been damaged and damages continue to accrue.

54. All conditions precedent to maintaining this action have occurred, been performed or been waived.

55. Pursuant to the terms of the EMB Guaranty, Landlord is entitled to an award of its attorney's fees and costs upon prevailing in this matter.

56. Plaintiff has retained the law firm of Dunn Law P.A. to represent it in this matter and has agreed to pay the firm a reasonable attorney's fee.

WHEREFORE, Landlord demands judgment against Defendant E. Manzo-Berding for compensatory damages, prejudgment interest pursuant to the terms of the EMB Guaranty, attorneys' fees and costs pursuant to the terms of the EMB Guaranty, post-judgment interest and such other relief as this Court deems just and proper.

Dated: August 18, 2020

Respectfully submitted,

**DUNN LAW, P.A.**
*Counsel for Plaintiff*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Phone: (786) 433-3866
Fax: (786) 260-0269
barry.turner@dunnlawpa.com

By: ___/s/ *Barry S. Turner*
      Barry S. Turner, Esq.
      Fla. Bar No. 85535